IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-cv-00195-M

| | |
|---|---|
| NOE AGUILAR-OCAMPO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NICOLAS BAHENA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiff, Noe Aguilar-Ocampo, and Defendant, Nicolas Bahena, by and through their undersigned counsel, jointly move this Court to approve the settlement of Plaintiff's claims. The parties have negotiated a proposed Settlement Agreement, attached as Exhibit 1 to the Joint Motion, to resolve the claims in this matter on terms that all parties deem fair, adequate and reasonable. Because the Settlement Agreement includes settlement of claims pursuant to the Fair Labor Standards Act ("FLSA"), the parties respectfully request Court approval of their settlement.

**I.     STATEMENT OF THE CASE**

Plaintiff Noe Aguilar-Ocampo filed this action in the Eastern District of North Carolina on April 13, 2023, against Defendant Nicolas Bahena. (D.E. 1.) Plaintiff raised claims under the minimum wage provisions of the FLSA, 29 U.S.C. §§ 201 *et seq*., for Defendant's alleged failure to pay the minimum wage for all hours worked and Defendant's alleged failure to pay or reimburse

Plaintiff for the costs related to his employment as an H-2A temporary foreign worker. (D.E. 1 ¶¶ 90-101.) Plaintiff also brought claims under the overtime provisions of the FLSA, 29 U.S.C. § 207, based on Defendant's alleged failure to pay the overtime rate of one-and-a-half time the regular rate of pay for all hours worked over 40 in weeks in which he was engaged in work that was not agriculture. (D.E. 1 ¶¶ 102-05.)

Plaintiff also brought claims under the North Carolina Wage and Hour Act, N.C. Gen. Stat. §§ 95-25.1, *et seq.*, for Defendant's alleged failure to pay Plaintiff at least the promised wage for each hour worked and reimburse Plaintiff for the costs related to his employment as an H-2A temporary foreign worker. (D.E. 1 ¶¶ 106-12.)

Plaintiff additionally brought claims against the Defendant under several provisions of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), D.E. 1 ¶¶ 113-133, and under the common law of contracts, D.E. 1 ¶¶ 134-40.

The parties participated in a scheduling conference pursuant to Fed. R. Civ. P. 26(f) on August 24, 2023, and filed their joint report based on that conference on September 13, 2023. (D.E. 15.) Considering the pleadings and the Rule 26(f) Report submitted by the parties, the Court entered a Scheduling Order on September 15, 2023. (D.E. 16.)

Concurrent with litigating this case, the parties, by and through their counsel, participated in arm's length settlement negotiations, in which the parties exchanged multiple offers and counteroffers over the course of several weeks, culminating in the Settlement Agreement attached to the Joint Motion as Exhibit 1. Exhibit 3 (Attorney Declaration).

II. **STATEMENT OF RELEVANT FACTS**

Plaintiff Noe Aguilar-Ocampo is a citizen of Mexico who was admitted to the U.S. in 2021 on a temporary basis with an H-2A visa issued pursuant to the H-2A Program to perform agricultural labor in 2021 for Defendant in or around Harnett County, North Carolina. (D.E. 1 ¶ 9.) Defendant Nicolas Bahena is and has been registered as a Farm Labor Contractor ("FLC") with the U.S. Department of Labor ("USDOL"), including, but not limited to, in the year 2021. (D.E. 1 ¶ 12.) Employers seeking to hire H-2A workers must offer a specific wage rate to both their domestic and H-2A employees who perform work listed in the H-2A job order approved by the U.S. Department of Labor. See 20 CF.R. § 655.18(b)(5); 29 C.F.R. § 655.20(a)(1). Such workers must be paid the higher of the adverse effect wage rate ("AEWR") or other specified wage rates. *Id*. The AEWR required by USDOL and promised to Plaintiffs in 2021 was $13.15 per hour. (D.E. 1 ¶ 43.)

Plaintiff alleges that Defendant did not compensate him at least the federal minimum wage rate or the AEWR for all hours worked each work week, did not reimburse Plaintiff during his first week of employment for expenses incurred primarily for the benefit of Defendant, and required unlawful pay deductions. (D.E. 1 ¶¶ 94-99, 106-112.) Plaintiff also alleges that he was not paid overtime for hours worked over 40 in weeks in which they performed non-agricultural work. (D.E. 1 ¶¶ 102-05.) Finally, Plaintiff alleges that he experienced living and working conditions that violated the TVPRA and the common law of contracts. (D.E. 1 ¶¶ 113-40.)

### III. SETTLMENT TERMS

The Settlement Agreement provides for Defendant to pay a total of $6,295 to the Plaintiff. The payment is based on allotments for wage claims, TVPRA claims, and reimbursement of travel and visa expenses. This amount shall be paid as outlined in Paragraphs 2(i)-(iii) of the Settlement Agreement. Defendant further agrees to pay Plaintiff's counsel, Legal Aid of North Carolina, the

3

4891-2430-3007 v.2 Case 5:23-cv-00195-M-RN    Document 19    Filed 01/19/24    Page 3 of 8

total sum of $1,200 accrued as attorneys' fees and costs in this action. The amount shall be paid as outlined in Paragraph 2(iv) of the Settlement Agreement.

IV. **ARGUMENT**

   **A. The FLSA settlement is fair and should be approved.**

Because the FLSA's protections are mandatory and cannot be waived, settlements must either be conducted under the supervision of the U.S. Department of Labor or approved by a court. *McLaurin v. Prestage Foods, Inc.*, No. 7:09-CV-100, 2011 WL 13146422 at **1-2 (E.D.N.C. Nov. 9, 2011); 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955 (E.D. Va. 2009).

The role of the Court in determining whether to approve a FLSA settlement is to "ensur[e] that an employer does not take advantage of its employees in settling their claim for wages." *Prestage Foods*, 2011 WL 13146422 at *2 (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008)). "There is a presumption in favor of approving a settlement as fair, but court review is appropriate to ensure fairness to the parties." *In re Dollar General Stores FLSA Litigation*, No. 5:09-MD-1500, 2011 WL 3904609 at *2 (E.D.N.C. Aug. 23, 2011). "Court approval of an FLSA settlement is appropriate where the settlement proposed by the parties constitutes a reasonable compromise of the parties' bona fide disputes." *Id.*

> In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime. 29 U.S.C. §§ 206, 207. If no question exists that the plaintiffs are entitled under the statute to the compensation they seek (and therefore to liquidated

4

> damages, as well) then any settlement of such claims would allow the employer to negotiate around the statute's mandatory requirements. Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims.

*Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 719-20 (E.D. La. 2008).

The factors that Courts generally consider when deciding whether to approve a FLSA settlement are: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff; (5) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery." *In re Dollar General*, 2011 WL 3904609 at *2. "Where, as here, the settlement agreement also provides for the award of attorney's fees and cost to plaintiffs, as the prevailing parties under 29 U.S.C. § 216(b), the court's evaluation of the fairness of the settlement agreement[] must include a determination whether the attorney's fees and costs are reasonable." *Id.*

1. **Extent of Discovery and Stage of Proceedings**

The Court should approve the Settlement because the parties achieved a settlement very early in the litigation, but after key documents were exchanged that aided in the parties' assessments of their claims and defenses. Exhibit 3. The parties in this matter achieved a settlement shortly after the parties jointly filed their Rule 26(f) Report. (D.E. 15.) While the parties achieved a settlement prior to engaging in formal discovery, Plaintiff was able to obtain from Defendant and review Plaintiff's personnel file, including handwritten payroll documents, prior to litigation. Exhibit 3. Based on the best information available at this time, under the terms of the Settlement,

if approved, Defendant would wholly compensate Plaintiff for his alleged actual and liquidated damages under the FLSA and the NCWHA, among compensation for other claims. *Id.*

### 2. Absence of Fraud or Collusion

There is no fraud or collusion. All parties have been represented by counsel throughout the period of this lawsuit. Negotiations were conducted at arm's length and took place over a period of weeks. Exhibit 3.

### 3. Experience of Plaintiff's Counsel

Plaintiff's counsel has significant experience representing farmworker plaintiffs in litigation under the FLSA. Exhibit 3. Plaintiff's counsel, Michael Boyd, has over 2 total years of total experience representing low-income residents of North Carolina and he has worked exclusively on cases involving farmworkers with claims under FLSA for almost 2 years. *Id.*

### 4. Probability of Plaintiff's Success and Amount of Projected Recovery

In the proposed Settlement Agreement, the Defendant has agreed to pay Plaintiff a compromised amount of total damages, taking into account the difficulties of proving his claims at trial, and the time and expense associated with litigating the case through final judgment.

### 5. Attorneys' Fees and Costs

The Court should also approve the proposed payment of costs and attorneys' fees to the Plaintiff's counsel of $1,200. Exhibit 3. Plaintiffs' counsel is entitled to fees under the FLSA, 29 U.S.C. § 216(b), the NCWHA, N.C.G.S. § 95-25.22(d), as well as under the TVPRA. 18 U.S.C. § 1595(a). The total amount of attorneys' fees and costs which Plaintiff will receive represents a

6

4891-2430-9007, v. 2  Case 5:23-cv-00195-M-RN   Document 19   Filed 01/19/24   Page 6 of 8

substantial discount from the actual fees and are reasonable in light of the very early stage of the litigation. *Id.*

## V. CONCLUSION

For the reasons set forth above, the parties ask that the Joint Motion be granted in its entirety.

Respectfully submitted this the 19th day of January, 2024.

/s/ Michael Boyd
Michael Boyd
N.C. Bar No. 57835
P.O. Box 26626
Raleigh, NC  27611
Telephone: 919-856-2180
Facsimile: 919-856-2167
MichaelB@legalaidnc.org
*Attorney for Plaintiff*


/s/ F. Marshall Wall
F. Marshall Wall
NC Bar No. 26804
Cranfill Sumner LLP
P.O. Box 27808
Raleigh, NC  27611-7808
Telephone: 919-828-5100
Facsimile: 919-828-2277
mwall@cshlaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has on this date electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which system will send a notice of electronic filing to all counsel of record in the above-captioned matter, including the following counsel(s) of record for Defendant:

>F. Marshall Wall
>Elizabeth King
>Cranfill Sumner LLP
>Post Office Box 27808
>Raleigh, NC 27611-7808
>MWall@cshlaw.com
>EKing@cshlaw.com
>
>*Attorneys for Defendant*

This, the 19th day of January, 2024.

>Respectfully submitted,
>
>/s/ Michael Boyd
>Michael Boyd
>N.C. Bar No. 57835
>P.O. Box 26626
>Raleigh, NC 27611
>Telephone: 919-856-2180
>Facsimile: 919-856-2167
>MichaelB@legalaidnc.org
>*Attorney for Plaintiff*