IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:23-cv-00195-M

NOE AGUILAR-OCAMPO,

    Plaintiff,

v.

NICOLAS BAHENA,

    Defendant.

ORDER

    This matter comes before the court on the parties' joint motion for approval of their settlement under the Fair Labor Standards Act ("FLSA") [DE 18].

    The requirement that courts must approve settlements of FLSA claims appears nowhere in the statute. However, the Fourth Circuit has explained that "there is a judicial prohibition against unsupervised waiver or settlement of claims" under the FLSA. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007), *superseded on other grounds by regulation*, 73 Fed. Reg. 67987 (Nov. 17, 2008), *as recognized in Whiting v. Johns Hopkins Hosp.*, 416 F. App'x 312, 314 (4th Cir. 2011); *but see Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 255 (5th Cir. 2012). When evaluating proposed FLSA settlement agreements, courts consider whether (1) a bona fide dispute exists concerning the defendant's liability under the FLSA; (2) the settlement is fair and reasonable; and (3) the attorney's fees and costs awarded are reasonable. *Vazquez-Aguilar v. Gasca*, 513 F. Supp. 3d 675, 680 (E.D.N.C. 2021).

    Based on the parties' joint motion, supporting memorandum, attached settlement agreement, and the declaration of Plaintiff's counsel Michael Boyd, the court now FINDS the following:

(1) This court has jurisdiction over the subject matter of the litigation and over all parties to this litigation.

(2) Neither the Settlement, nor the approval order, nor the fact of a settlement, are an admission or concession by the Defendant of any liability or wrongdoing whatsoever.

(3) Attorneys' fees provided for in the Settlement Agreement are reasonable. The Settlement is fair and adequate and a reasonable and equitable compromise of the claims in this case given the extent of discovery that has taken place, the stage of the proceedings, the expense and likely duration of continued litigation, the probability of Plaintiff's success of the merits, the amount of the settlement in relation to the potential recovery, and the significance of the injunctive relief agreed to. There appears to have been no fraud or collusion in the settlement. Plaintiff's counsel has adequately represented Plaintiff.

The Joint Motion for Approval of FLSA Settlement [DE 18] is ALLOWED and the Settlement Agreement is APPROVED without changes. The parties shall file dismissal papers on or before March 8, 2024.

SO ORDERED this 8th day of February, 2024.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2